IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER D. PEARSON, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
|     v. | : | |
| | : | |
| MONTGOMERY COUNTY | : | |
| CORRECTIONAL FACILITY | : | |
| *(Previously dismissed party pursuant to* | : | |
| *Order dated 9/20/12 (Doc. 4))* and | : | NO. 12-5076 |
| PRIMECARE MEDICAL INC., | : | |
|     Defendants. | : | |

**<u>REPORT AND RECOMMENDATION</u>**

LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE

I.    INTRODUCTION

        Plaintiff is a state prisoner currently incarcerated at State Correctional Institution-Mahanoy in Frackville, Pennsylvania. Plaintiff has filed this civil rights lawsuit for damages pursuant to 42 U.S.C. § 1983[1] alleging a violation of the *Eighth Amendment* arising from the denial of medical care by the medical staff of PrimeCare Medical, Inc. (hereinafter "Defendant") during his incarceration at Montgomery County Correctional Facility. Presently before this court are plaintiff's complaint (Doc. 1), defendant's motion to dismiss (Doc. 11) and supporting brief (Doc. 12), plaintiff's "motion to dismiss summary judgment" (Doc. 15), and defendant's response to plaintiff's "motion to dismiss summary judgment" (Doc. 16). For the reasons that

---

[1] Although plaintiff checked the box on the prisoner's civil rights complaint form to file under 28 U.S.C. § 1331, a suit under 28 U.S.C. § 1331 is against federal officials and plaintiff has been held in state custody and the present action is against state officials; thus, the appropriate statute is 42 U.S.C. § 1983.

follow, we recommend that defendant's motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) be GRANTED.

II.     BACKGROUND

On September 5, 2012, plaintiff filed the instant *pro se* prisoner law suit. (Doc. 1). On September 20, 2012, the Court dismissed plaintiff's complaint against Montgomery County Correctional Facility pursuant to 28 U.S.C. § 1915(e) because a prison is not a "person" subject to suit under civil rights law. (Doc. 4). Plaintiff's complaint against defendant PrimeCare was permitted to proceed (Doc. 4) and defendant waived service of a summons on September 27, 2012 (Doc. 8). Individual members of defendant organization were not sued in this case. Defendant contracted with Montgomery County to provide medical treatment to inmates incarcerated in the Montgomery County Prison.

Accepting as true the facts alleged in plaintiff's complaint, plaintiff was incarcerated at Montgomery County Prison beginning November 19, 2011. Plaintiff suffered a gunshot wound prior to his incarceration and was prescribed Tramadol for pain relief. On July 19, 2012, plaintiff was taken off the pain medication Tramadol and remained off the medication until August 9, 2012. This time period of twenty-one days without medication is the subject of the current suit. Plaintiff's current suit may be read as a claim alleging violation of the *Eighth Amendment's* provision against cruel and unusual punishment. Plaintiff alleges he suffered "constant severe pain" during this time period without the medication and could not get out of bed, work, or stand up straight due to his pain. Plaintiff alerted the medical department about his pain and requested that he return to the pain medication, but plaintiff alleges the staff did not respond to his complaints. Plaintiff was seen by the medical staff on August 1, 2012 and then

prescribed Tramadol on August 9, 2012. Plaintiff seeks compensation of $215,000 for his pain and suffering due to the "neglect" of defendant.

Plaintiff indicated in his complaint (Doc. 1) that he did not file any grievances concerning the facts relating to the complaint, but subsequently alleged in a "Motion to Dismiss Summary Judgment" (Doc. 15) that he filed grievances on September 29, 2012, October 11, 2012, October 25, 2012, and December 20, 2012.

III. STANDARD OF REVIEW

Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure where the complaint fails to state a claim upon which relief can be granted. When ruling on a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations, construe them in the light most favorable to the plaintiff, and "then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (reaffirming Bell Atlantic Corp. V. Twombly, 550 U.S. 544 (2007)); Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).

To withstand a motion to dismiss under Rule 12(b)(6), "factual allegations must be enough to raise a right to relief above the speculative level." Phillips, 515 F.3d at 234. While a court should assume the veracity of well-pleaded factual allegations, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft, 556 U.S. at 678. As the Supreme Court has stated, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Id. The Third Circuit has held that if a complaint is "vulnerable to *12(b)(6)* dismissal, a district court must permit a curative

3

amendment, unless an amendment would be inequitable or futile." Phillips, 515 F.3d at 236 (citations omitted); see also Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

IV. ANALYSIS

Plaintiff alleges he was denied the right to medical care in violation of the *Eighth Amendment*. Defendant contends that plaintiff's complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because plaintiff failed to demonstrate a deliberate indifference to a serious medical condition as required to state a claim for a violation of the *Eighth Amendment* and plaintiff alleges no facts concerning defendant's policies or procedures, thus, the complaint is premised on vicarious liability, which is not recognized under 42 U.S.C. § 1983.

As the Supreme Court of the United States advised in Ashcroft v. Iqbal, this court begins the analysis by looking at the elements that plaintiff must plead to state a claim upon which relief may be granted. See 556 U.S. at 678. In the case at bar, plaintiff is challenging his medical care while in prison for the time period between July 19, 2012 and August 9, 2012. The *Eighth Amendment* proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. See Estelle v. Gamble, 429 U.S. 97, 103-04 (1976). Because an inmate must rely on prison authorities to treat his medical needs, and failure of the authorities to do so will result in those needs not being met, "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain proscribed by the *Eighth Amendment*.'" Id. at 104 (internal citations omitted). However, not every claim made by a prisoner alleging he did not receive adequate medical care will reach the level that violates the *Eighth Amendment*. Id. at 105. A complaint that merely alleges medical malpractice due to negligent diagnosis or treatment does not constitute a constitutional violation

4

solely because the victim is a prisoner. Id. at 106. "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. Thus, to succeed an *Eighth Amendment* violation, plaintiff must allege facts that show (1) a serious medical need; and (2) behavior on the part of prison officials that constitute deliberate indifference to that need. Estelle, at 103-104.

To satisfy the first prong of the Estelle inquiry, the inmate must demonstrate that his medical needs are serious. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" Hudson v. McMillian, 503 U.S. 1, 9 (1992). A medical need is "serious" if it is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth Cty Correctional Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), *cert denied* 486 U.S. 1006 (1988) (citing Pace v. Fauver, 479 F. Supp. 456, 458 (D. N.J. 1979)). Moreover, a medical need is considered serious if the denial or delay of medical care results in "unnecessary and wanton infliction of pain" or if the denial or delay of medical care causes the prisoner to "suffer a life-long handicap or permanent loss." Monmouth Cty Correctional Inst. Inmates, 834 F.2d at 347 (internal citations and quotations omitted).

The second element of the Estelle test requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need. To prove deliberate indifference plaintiff must demonstrate that defendants (1) knew of and disregarded an excessive risk to an inmate's health or safety or (2) were aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and that defendants "drew that inference."

5

Farmer v. Brennan, 511 U.S. 825, 825, 114 S.Ct. 1970 128 L.Ed.2d 811 (1994) (officials not only must be aware of facts from which inference of substantial risk of harm could be drawn but also must draw that inference). "Deliberate indifference . . . requires obduracy and wantonness which has been likened to conduct that includes recklessness or a conscious disregard of a serious risk." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir.1999). Plaintiff is required to prove facts establishing that defendants: (1) knew that plaintiff required medical treatment, but intentionally refused to provide such treatment; (2) delayed treatment based on a non-medical reason; or (3) prevented plaintiff from receiving needed or recommended treatment. Id. at 197.

The court must identify and separate conclusory allegations in the complaint that are not entitled to the assumption of truth, and then determine if the remaining factual allegations taken as true plausibly suggest an entitlement to relief. Ashcroft, 556 U.S. at 681. The factual allegations in plaintiff's complaint are as follows: Prior to July 19, 2012, plaintiff was receiving Tramadol for pain related to a prior gunshot wound. It is not known the duration of this prior treatment. (Plaintiff's Complaint, Doc. 1, at 2). During plaintiff's incarceration, plaintiff had x-rays that demonstrate his "injuries." (Plaintiff's Complaint, Doc. 1, at 3). However, these specific injuries and the results of these x-rays were not provided or described to the Court other than plaintiff's statement that the bullet remains in his body. (Plaintiff's Complaint, Doc. 1, at 4). During the week of July 19, 2012, plaintiff was taken off Tramadol and remained off the medication until August 9, 2012. (Plaintiff's Complaint, Doc. 1, at 2). While plaintiff was off the medication, plaintiff was in "constant severe pain" and could not get out of bed, work, or stand up straight due to the pain. (Plaintiff's Complaint, Doc. 1, at 2). Plaintiff described the pain as "excruciating pain in my back, neck, and legs which makes my extremities feel like they were replaced with metal rods." (Plaintiff's Complaint, Doc. 1, at 2). Plaintiff continuously

alerted the medical department of his pain but the medical staff did not respond until August 1, 2012, when plaintiff was examined. (Plaintiff's Complaint, Doc. 1, at 2-3). Plaintiff received a "renewal" for the pain medication on August 9, 2012. (Plaintiff's Complaint, Doc. 1, at 3).

The question before the court is whether these factual allegations taken as true state a claim for a violation of the *Eighth Amendment* – i.e., whether plaintiff has demonstrated his medical needs are serious and the prison officials acted with deliberate indifference. See Estelle, 429 U.S. at 106. Plaintiff has alleged that he previously suffered a gunshot wound and that the bullet remains in his body. Plaintiff failed to provide the court with any treatment plans or recommendations. It appears that plaintiff's only treatment was pain management in the form of the prescribed Tramadol. While plaintiff may have suffered pain and discomfort during the twenty-one days that he was without the medication, there is no evidence that plaintiff suffered a "life-long handicap or permanent loss" as a result of the lack of pain medication. See Monmouth Cty Correctional Inst. Inmates, 834 F.2d at 347. Moreover, it appears that plaintiff merely disagreed with the medical staff's decision to take him off the medication and plaintiff's allegations do not support a finding that the lack of pain medication caused plaintiff "unnecessary and wanton infliction of pain." See id. As such, plaintiff has failed to state a serious medical need. At most, plaintiff's claim would allege medical malpractice for failing to respond to his pain complaints more quickly, but more reasonably, plaintiff's claim appears to be a dispute regarding the medical staff's treatment decision to take him off pain medications, which may have been done for a variety of medically necessary reasons. Such complaints do not reach the level of constitutional protection. While plaintiff alleges that he complained to the medical staff about his pain, it cannot be said that the medical staff's delay of one to two weeks for an examination amounted to the high standard of deliberate indifference. After examination,

7

plaintiff was placed back on the pain medication and plaintiff does not have any further injuries as a result of this alleged delay in treatment. Plaintiff's allegations do not rise to the level of violating the *Eighth Amendment's* provision against cruel and unusual punishment. Accordingly, plaintiff's present complaint is insufficient to state a claim upon which relief may be granted.

Furthermore, to make out a section 1983 claim against defendant, a private corporation contracted by the prison to provide medical care to inmates, plaintiff must demonstrate "that the municipality [or private corporation] itself, through the implementation of a municipal policy or custom, cause[d] a constitutional violation." Colburn v. Upper Darby Twp., 946 F.2d 1017, 1027 (3d Cir. 1991) (citing Monell v. N.Y. City Dep't of Soc. Servs., 436 U.S. 658, 691-95 (1978). Private corporations cannot be vicariously liable for its employees pursuant to section 1983 because there is no *respondeat superior* liability under this statute. Sanford v. Stiles, 456 F.3d 298, 314 (3d Cir. 2006); Natale v. Camden County Correctional Facility, 318 F.3d 575, 584 (3d Cir. 2003). A private corporation like defendant could only be held liable for a constitutional violation if the corporation had a custom or policy exhibiting deliberate indifference to a prisoner's serious medical needs. Henry v. Buskirk, 2011 U.S. Dist. LEXIS 18644 (E.D. Pa. 2011) (Stengel, J.) (stating "supervisory liability can arise where the relevant entity turned a blind eye to an obviously inadequate practice that was likely to result in the violation of constitutional rights") (citing Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 583-84 (3d Cir. 2004); Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690-92 (1978)). The existence of a policy or custom for purposes of section 1983 liability can be established in one of two ways: (1) by showing that a "'decisionmaker possessing final authority to establish municipal policy with respect to the action' issued an official statement of policy," Jimenez v. All American Rathskeller, 503 F.3d 247, 250 (3d Cir. 2007) (quoting Pembaur v. City

8

of Cincinnati, 475 U.S. 469, 481 (1986)), or (2) by demonstrating that a "custom" exists "when, though not authorized by law, such 'practices of state officials [are] so permanent and well settled' that they operate as law." Id. (quoting Monell, 436 U.S. at 690).

In the instant case, plaintiff has failed to mention any custom or policy of the defendant organization, and thus, plaintiff cannot state a claim upon which relief may be granted. Plaintiff has not requested leave to file an amended complaint, and this court finds it unnecessary *sua sponte* to provide plaintiff with leave to file an amended complaint prior to dismissal because such amendment would be futile since defendant cannot be held liable on a *respondeat superior* theory.

## RECOMMENDATION

AND NOW, this **30th** day of August, 2013, IT IS RESPECTFULLY RECOMMENDED that:

1. Defendant's Motion to Dismiss be GRANTED.

2. Plaintiff's "Motion to Dismiss Summary Judgment" be DENIED because there is no basis in law or fact for such a motion.

BY THE COURT:

s/ LINDA K. CARACAPPA
LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE